# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3340-16T1

IN THE MATTER OF REGISTRANT L.F.

_____

Argued May 21, 2018 – Decided August 6, 2018

Before Judges Messano, Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No.
ML-00040043.

Jesse M. DeBrosse, Assistant Deputy Public
Defender, argued the cause for appellant
L.F. (Joseph E. Krakora, Public Defender,
attorney; Jesse M. DeBrosse, on the brief).

Matthew T. Spence, Assistant Prosecutor,
argued the cause for respondent State of New
Jersey (Mary Eva Colalillo, Camden County
Prosecutor, attorney; Matthew T. Spence, of
counsel and on the brief).

PER CURIAM

L.F. was convicted of rape[1] in Pennsylvania in 1992, 18 Pa. Cons. Stat. § 3121, before the Legislature amended the registration provisions of Megan's Law, N.J.S.A. 2C:7-1 to -23, to add subsection (g), N.J.S.A. 2C:7-2(g), described more fully in our opinion in In re G.H. and In re G.A., ___ N.J. Super. ___ (2018), also issued today, making the lifetime registration requirements "permanent [and] irrevocable" for certain offenders. G.H., ___ N.J. Super. ___ (slip op. at 2) (quoting In re State ex rel. C.K., 233 N.J. 44, 66 (2018)).

Following the completion of his sentence, L.F. moved to New Jersey and registered under Megan's Law on June 12, 2001. The Camden County Prosecutor's Office classified him as a Tier I offender. L.F.'s 1992 convictions represent his sole brush with the law. In 2017 he moved to be relieved of his obligation to register under N.J.S.A. 2C:7-2(f). Although acknowledging L.F. had been offense-free for more than fifteen years following his release from prison, thereby permitting him to apply for relief from his registration requirements under subsection (f), the trial judge denied the application on the basis of subsection

---

[1] L.F. was also convicted in the same proceeding of simple assault, unlawful restraint, false imprisonment, involuntary deviant sexual intercourse, indecent assault and indecent exposure. The State concedes, "for Megan's Law review purposes[,] that [L.F.'s] actions consist of a 'sole sex offense.'"

(g). Specifically, the court found L.F.'s Pennsylvania rape conviction similar to one for sexual assault under New Jersey law, N.J.S.A. 2C:14-2(c)(1), as both criminalize sexual penetration with the use of force, thus rendering him ineligible to apply to terminate his registration obligation under subsection (g)'s ban for those offenders convicted of sexual assault pursuant to N.J.S.A. 2C:14-2(c)(1).

L.F. appeals from the court's March 2, 2017 order denying his application to terminate his registration requirements. He argues the plain language of N.J.S.A. 2C:7-2(g) applies only to convictions for "sexual assault pursuant to paragraph (1) of subsection c. of N.J.S.[A.] 2C:14-2" and not to out-of-state offenses.

We deem that argument to be without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), in light of N.J.S.A. 2C:7-2(b)(3)'s inclusion of out-of-state convictions for offenses similar to those enumerated in subsection N.J.S.A. 2C:7-2(b)(2) as sex offenses "[f]or the purposes of this act," requiring the offender to register under Megan's Law, N.J.S.A. 2C:7-2(a)(1). See In re R.B., 376 N.J. Super. 451, 464 (App. Div. 2005) (explaining that "so long as the conviction being compared to a Megan's Law enumerated offense contains the same essential elements, and the underlying

purposes of the crimes are consonant, the conviction should be considered similar to the Megan's Law enumerated offense for purposes of requiring sex offender registration in New Jersey"), overruled in part on other grounds by In re T.T., 188 N.J. 321, 334 (2006); see also Marino v. Marino, 200 N.J. 315, 330 (2009) (discussing the maxim of statutory construction calling for interpreting sections of a statute included within the same Act by reading them in pari materia).

Having concluded, however, in G.H. that the retroactive application of subsection (g) to those convicted of sex offenses prior to its effective date in 2002 was not the intent of the Legislature and would, in any event, be manifestly unfair if applied to such offenders,[2] slip op. at 28, we reverse the trial court's March 2, 2017 order and remand for a hearing on L.F.'s application to be relieved of his obligation to register under N.J.S.A. 2C:7-2(f).

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Because the record makes clear that L.F. registered in New Jersey prior to the effective date of subsection (g), we need not consider whether the holding of G.H. applies to those offenders with out-of-state convictions which pre-date enactment of subsection (g) who moved to New Jersey after its effective date.

A-3340-16T1